IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE LEE MARSHALL<br>(BOP Register No. 08843-062),<br><br>Petitioner,<br><br>V.<br><br>DJ HARMON, Warden,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-3458-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Wayne Lee Marshall, an inmate at FCI Seagoville, proceeding *pro se*, has filed this habeas action under 28 U.S.C. § 2241 to challenge, under 28 U.S.C. § 2255(e) – the Section 2255 "savings clause" – his 2001 conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), pursuant to which he was sentenced to 235 months of imprisonment, *see United States v. Marshall*, No. 00-CR-0155-CVE (N.D. Okla.). The length of Marshall's sentence is based on the court's finding that he had four predicate offenses that qualified as "violent felonies" under the Armed Career Criminal Act (the "ACCA").

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Marshall's Section 2241 petition for lack of jurisdiction.

## Applicable Background

In May 2016, Marshall filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Marshall*, Nos. 00-CR-0155-CVE & 16-CV-0276-CVE-TLW, 2016 WL 3647880 (N.D. Okla. July 1, 2016).

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA]," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989) (plurality opinion),] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In his *Johnson-based* 2255 proceeding, Marshall asserted "that his sentence was improperly enhanced under the ACCA, because his prior convictions[ – all four for second-degree burglary under Oklahoma law – ]can no longer be considered violent felonies in light of *Johnson*." *Marshall*, 2016 WL 3647880, at \*2. But the court found that

> burglary is specifically enumerated as a violent felony in the ACCA and the Supreme Court was clear that its ruling in *Johnson* did not affect the validity of any provision of the ACCA other than the residual clause. The [presentence investigation report] shows that defendant had at least three convictions for second degree burglary and a review of the underlying documentation showed that the offenses qualified as violent felonies under the ACCA. None of the convictions used to enhance defendant's sentence under the ACCA was deemed a violent felony on the basis of the residual clause, and *Johnson* has no application to this case.

*Id.* at \*3 (citation and footnote omitted).

### Legal Standards

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at \*1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at \*5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming such a summary dismissal))).

In *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (per curiam), the United States Court of Appeals for the Fifth Circuit summarized the law applicable to Section 2255's "savings clause."

> Section 2255 provides "the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed." *Id.* A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. *Id.* at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

## Analysis

Marshall argues that the remedy afforded by Section 2255 is inadequate or ineffective and that therefore this Court can consider his Section 2241 petition under the "savings clause" because *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Johnson* – in particular, the application of *Johnson* in light of *Mathis* – (1) are retroactively applicable Supreme Court decisions that establish that he may have been

convicted of a nonexistent offense (the ACCA enhancement) and (2) were foreclosed by circuit law at the time that Marshall should have raised such a claim at trial, on appeal, or in an initial Section 2255 motion. *See* Dkt. No. 3.

First, as the Northern District of Oklahoma made clear in its decision denying Marshall's Section 2255 motion, his ACCA claims have nothing to do with *Johnson*, a decision that dealt solely with the ACCA's residual clause, because "burglary is specifically enumerated as a violent felony in the ACCA." *Marshall*, 2016 WL 3647880, at *3. Therefore, because *Johnson* – a clearly retroactively applicable Supreme Court decision – has no impact on Marshall's enumerated-offense-clause claims, the Court should put *Johnson* aside and consider whether *Mathis* alone is "a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. *Cf. United States v. Hamilton*, ___ F. Supp. 3d ___, No. 06-CR-188-TCK, 2017 WL 368512, at *4 (N.D. Okla. Jan. 25, 2017) ("Defendant was not sentenced under the enumerated offense clause as a matter of clear fact or law. Once *Johnson* permits Defendant to collaterally challenge his sentence based on a residual-clause error, the Court must apply current law on the enumerated offense clause to determine if that error was injurious or harmless. Any other result would require the Court to apply an erroneous application of the modified categorical approach that has been corrected by the Supreme Court. Accordingly, the Court will consider *Mathis* in deciding the merits of Defendant's 2255 motion." (citations omitted)).

Marshall cites a decision of the Fifth Circuit in which the Court of Appeals denied a "savings clause"-based Section 2241 petition where the petitioner claimed "that he is innocent of his sentence under [ACCA], rather than his offense of conviction," finding that the petitioner "failed to make the showing required by *Reyes-Requena*," *Sharbutt v. Vasquez*, 600 F. App'x 251, 251-52 (5th Cir. 2015) (per curiam), a decision that was vacated by the Supreme Court and remanded to the Fifth Circuit "in light of *Mathis*," 136 S. Ct. 2538 (2016), and which the Fifth Circuit now has remanded to the district court for reconsideration, *see* ___ F. App'x ___, No. 14-40925, 2016 WL 6090877 (5th Cir. Oct. 18, 2016) (per curiam).

But the remand in *Sharbutt* does not discharge Marshall's "burden of demonstrating that the section 2255 remedy is inadequate or ineffective," *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000), which in part requires that Marshall establish that *Mathis* meets the retroactively-applicable-decision prong of *Reyes-Requena*.

To meet this prong, the Court must determine whether the Supreme Court decision at issue provides a new right made retroactive on collateral review. *See Teague*, 489 U.S. at 301 ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." (emphasis in original)). In the Fifth Circuit, there is no requirement "that the Supreme Court must have made the determination of retroactivity." *Santillana v. Upton*, ___ F.3d ___, No. 15-10606, 2017 WL 163682, at *3 (5th Cir. Jan. 16, 2017) (citing *Garland v.*

-6-

*Roy*, 615 F.3d 391, 394 (5th Cir. 2010)). That said, "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent." *United States v. Taylor*, ___ F. App'x ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule" and that "courts applying *Mathis* have consistently reached the same conclusion" (collecting cases)); *accord Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017); *see also, e.g., Hamilton*, 2017 WL 368512, at *4 ("*Mathis* does not announce a new rule of law or have retroactive application to cases on collateral review. Therefore, *Mathis* would not entitle a defendant originally sentenced under the [ACCA's] enumerated offense clause to seek collateral relief on grounds that a sentencing court applied the now-invalid modified categorical approach." (citation omitted)); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017) ("*Mathis* was simply an application of *Descamps[ v. United States*, 133 S. Ct. 2276 (2013)]; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*. Clearly, then, *Mathis* did not announce a 'new' rule of constitutional law." (citation omitted)).

As Marshall's Section 2241 petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," his claim is "not cognizable in a § 2241 petition," and the Court is "without jurisdiction to consider the petition," *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015)

(citing *Garland*, 615 F.3d at 394; *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)). *See Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D. Tex. Jan. 26, 2017) (noting that the Supreme Court "has not suggested that *Mathis* announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction," before *sua sponte* dismissing, under Section 2243, "savings clause"-based Section 2241 petition).

## Recommendation

The Court should summarily dismiss the habeas petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED: February 15, 2017

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE